UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ENTERED
CLERK, U.S. DISTRICT COURT
MAR 29 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA vs. CR 99-838(A)-NM
Defendant's Name Buford O'Neal Furrow, Jr. Social Security No. 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
Residence 638 Old Pacific Highway S.E. Mailing Address MDC 535 N. Alameda St.
Address Olympia, WA 98513 Los Angeles, Ca 90012

JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on: 3 (Month/) 26 (Day/) 2001 (Year)

COUNSEL: __ WITHOUT COUNSEL However, the Court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.

X WITH COUNSEL Marilyn E. Bednarski, DFPD, Sean Kennedy, DFPD, Judy Clarke, FPD, William H. Foreman, DFPD
(Name of Counsel)

PLEA: X GUILTY, and the Court being satisfied that there is a factual basis for the plea.
__ NOLO CONTENDERE __ NOT GUILTY

FINDING: There being a finding of x GUILTY, defendant has been convicted as charged of the offense(s) of: Murder of an employee of the United States in violation of 18 USC 1114, as alleged in count 1; Use of a firearm during a crime of violence, resulting in death, in violation of 18 USC 924(c)(j), as alleged in count 2; Interference with federally protected rights in violation of 18 USC 245(b)(4)(A), as alleged in count 3; Interference with federally protected rights in violation of 18 USC 245(b)(2)(F), as alleged in counts 4 & 5; Interference with federally protected rights in violation of 18 USC 245(b)(2)(F), as alleged in counts 6, 7 & 8; Felon in possession of firearms, in violation of 18 USC 922(g)(1), as alleged in count 9; Use of a firearm during a crime of violence, in violation of 18 USC 924(c) as alleged in counts 10, 11, 12, 13 & 14; Unlawful possession of a machine gun, in violation of 18 USC 922(o)(1) as alleged in count 15; Possession of an unregistered firearm in violation of 26 USC 5861(d), as alleged in count 16, of the First Superseding Indictment.

The Court finds the offense level is 55, criminal history III - range of life imprisonment. It is ordered that the defendant shall pay to the United States a special assessment of $1,600.00 which is due immediately. It is ordered that defendant shall pay restitution in the total amount of $690,294.11, pursuant to 18 USC 3663A. The amount of restitution ordered shall be paid as follows: Priority order or percentage of payment - First Ismael Ileto, in the amount of $7,242.00; Second - David & Donna Finkelstein, in the amount of $75,600.00; Second - Eleanor Kadish, in the amount of $103,400.00; Second - Loren Lieb & Alan Stepakoff, in the amount of $34,161.00; Second - Gary Zidell, in the amount of $1,500.00; Third - Kaiser Permanente, P.O. Box 7102, Pasadena, Ca 91109, in the amount of $415,644.20; Third - Zenith Insurance Company, P.O. Box 9055, Van Nuys, Ca 91409, in the amount of $44,746.91; Third - Blue Shield of California, P.O. Box 272600, Chico, Ca 95927, in the amount of $8,000.00. If the defendant makes a partial payment, the first priority victims shall receive 100 per cent of the payment unless and until the full amount of restitution owed to the first priority victims is paid. Thereafter, the second priority victims shall be paid in full. Pursuant to 18 USC 3664(j)(1), the individual victims shall take priority over any provider of compensation, such as an insurance carrier. Restitution shall be due immediately; however, if payment is not made immediately, restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, or through the Bureau of Prisons' Inmate Financial Responsibility Program. Pursuant to Section 5E1.2(e) of the Guidelines all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution. (See page 2)

ENTER ON ICMS
MAR 29 2001



176

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement.
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on ______________________ to ______________________

Defendant noted appeal on ______________________

Defendant released on ______________________

Mandate issued on ______________________

Defendant's appeal determined on ______________________

Defendant delivered on ______________________ to ______________________

at ______________________ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: ______________________ BY: ______________________

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: ______________________ BY: ______________________

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
vs

CR 99-838(A)-NM

Buford O'Neal Furrow, Jr.

Date 3/26/01

JUDGMENT AND PROBATION/COMMITMENT ORDER

Continued from Page 1

ORDER: The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: 2 consecutive life terms plus 110 years consecutive , as to counts 1-16 of the First Superseding Indictment. This term consists of life on each of counts 1, 3, 4 & 5 and 10 years on each of counts 6, 7, 8, 9, 15 & 16, to be served concurrently; and life on count 2, 10 years on count 10, and 25 years on each of counts 11, 12, 13 & 14 to be served consecutively to each other and to all other counts.

. Government withdraws its notice of intent to seek the death penalty. On motion by the government the underlying Indictment is dismissed in the interest of justice.

Court recommends BOP consider a preliminary designation to a medical facility & evaluation to determine the permanent designation for defendant.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period of within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

___ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: x U.S. District Judge [signature]

NORA M. MANELLA

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

AO-245-B(01/90)

Dated/Filed 3/27/01

SHERRI R. CARTER, CLERK

By [signature]
Deputy Clerk

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on ______________________ to ______________________

Defendant noted appeal on ______________________

Defendant released on ______________________

Mandate issued on ______________________

Defendant's appeal determined on ______________________

Defendant delivered on ______________________ to ______________________

at ______________________ *the institution designated* by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: ______________________ BY: ______________________

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: ______________________ BY: ______________________